IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CRIMINAL ACTION NO. 4:19-CR-89 |
| | § | |
| CALEB APPIAH-OSEI (2), | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Caleb Appiah-Osei's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on January 22, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson of the Federal Public Defender's Office. The Government was represented by Heather Rattan.

Defendant was sentenced on October 9, 2018, before The Honorable David A. Ezra of the Western District of Texas after pleading guilty to the offense of Possession with Intent to Distribute Cocaine, a Class C felony. This offense carried a statutory maximum imprisonment term of not more than 20 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of I, was 10 to 16 months. Defendant was subsequently sentenced to time served followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include home confinement for 6 months; 50 hours community service; substance abuse testing and treatment; alcohol abstinence; mental health treatment, and a $100 special assessment. On October 9, 2018, Caleb Appiah-Osei completed his period of

imprisonment and began service of the supervision term in the Eastern District of Texas. On March 26, 2019, jurisdiction of this case was transferred to the Eastern District of Texas, Sherman Division, and assigned to The Honorable Amos L. Mazzant, III.

On October 18, 2019, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 2, Sealed]. The Petition asserted that Defendant violated four (4) conditions of supervision, as follows: (1) The defendant shall not commit another federal, state, or local crime; (2) The defendant shall refrain from any unlawful use of a controlled substance; (3) The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). During treatment, the defendant shall abstain from the use of alcohol and all intoxicants. The defendant shall pay the costs of such treatment if financially able; and (4) The defendant shall participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). The defendant shall pay the costs of such treatment if financially able. [Dkt. 2 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On September 7, 2019, the defendant was arrested by the The Colony, TX, Police Department for the offense of Assault Causes Bodily Injury, a Class A misdemeanor. He was released from custody on September 9, 2019, on a $10,000 bond. As of this writing, this charge remains pending; (2) On January 14; August 26; September 11 and 27; and October 11, 2019, the defendant submitted urine specimens that tested positive for marijuana. The urine specimens submitted on August 26, and

September 11, 2019, also tested positive for cocaine. On all of the aforementioned occasions, the defendant admitted to using the controlled substance and/or the specimens were confirmed positive by Alere Toxicology Services, Inc.; (3) On November 27 and December 7, 2018, and January 15; June 7; July 31; and August 1, 2019, the defendant submitted urine specimens that were determined to be diluted by Alere Toxicology Services.  On April 8; August 8; September 25; and October 2, 2019, the defendant failed to report for drug testing at Addiction Recovery Center in Lewisville, TX; and (4) On March 14, May 30, and July 17, 2019, the defendant failed to show for his mental health counseling sessions at Denton Psychological Services in Denton, TX.  [Dkt. 2 at 1-2].

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 2 of the Petition.  The Government dismissed the remaining allegations.  Having considered the Petition and the plea of true to allegation 2, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in the North Texas area, specifically the Seagoville Camp, if appropriate.

**SIGNED this 1st day of March, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE